*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID PERRY,

Plaintiff-Appellant,

v

ERNESTO LOSADA,

Defendant-Appellee.

UNPUBLISHED
July 17, 2026
12:05 PM

No. 373268
Wayne Circuit Court
LC No. 23-007552-CH

Before: GADOLA, C.J., and BOONSTRA and CAMERON , JJ.

PER CURIAM.

Plaintiff, David Perry, appeals as of right the trial court's order granting defendant, Ernesto Losada, summary disposition under MCR 2.116(C)(8) and (10). We affirm.

## I. FACTS

Plaintiff initiated this action by filing a complaint seeking to quiet title to 8212 East Lantz Street in Detroit (the property). Plaintiff asserted that the property was abandoned after the death of the previous owner and that he had acquired title to the property by virtue of taking possession of the property. Defendant responded asserting that he was the sole legal owner of the property. Defendant submitted a notarized quitclaim deed to the property supporting his assertion that the property had been deeded to him by the previous owner through a trust.

During discovery, defendant served plaintiff with requests for admissions, asking plaintiff to admit that he had no legal ownership or possessory interest in the property and that defendant was the legal owner of the property. Plaintiff did not respond to the requests for admissions, and defendant moved to have the requests for admissions admitted as fact. The trial court granted defendant's motion but provided plaintiff an additional 14 days to respond to defendant's requests for admissions. Plaintiff again failed to respond to the requests for admissions.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that plaintiff failed to support his claim of ownership and that no issue of fact existed regarding the

lawful owner of the property. Plaintiff responded to the motion for summary disposition, arguing that he had provided evidence that he was the lawful owner of the property. The trial court set the hearing on the motion for September 13, 2024. By order dated August 26, 2024, the trial court adjourned the hearing to October 18, 2024.[1] On October 23, 2024, the trial court entered an order granting defendant's motion for summary disposition and finding defendant to be the sole legal owner of the property. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff contends that defendant did not demonstrate before the trial court that the property had been transferred to him. But plaintiff has not properly presented any issue for this Court's review. We therefore reject plaintiff's argument.

A party pursuing an appeal in this Court is obligated to properly present the party's assertions of error. See *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). Failure to do so constitutes abandonment of the issues raised on appeal. *Tripp v Baker*, 346 Mich App 257, 273; 12 NW3d 45 (2023). To properly present an issue on appeal for this Court's consideration, the appellant is required to cite to the record to present the factual basis underlying the appellant's claim and to cite legal authority supporting the merits of the appellant's argument. MCR 7.212(C)(7). "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Reighard v ESPN, Inc*, 341 Mich App 526, 545; 991 NW2d 803 (2022), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

In this case, plaintiff argues that the property was not properly transferred to defendant by the previous owner, but does not point to any facts in the record to support that assertion. In addition, plaintiff does not cite legal authority that would support his assertion that his possession of property that he thought was abandoned constitutes legal title to that property. Because plaintiff in this case provided no analysis, no citation to the record, and no citation to applicable law, we deem the arguments related to his claims abandoned. See *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008) (An appellant may not simply announce his or her position and leave it to the Court to discover and rationalize the basis for the claims).

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

---

[1] The order directed defense counsel to re-notice the hearing. The trial court record does not indicate whether a new notice of hearing was filed and served on plaintiff, whether the hearing occurred, or whether plaintiff attended the hearing. On appeal, plaintiff mentions that the hearing date was rescheduled but presents no coherent argument regarding that event.